IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SEAN ANTHONY NEWBERG,

    Plaintiff,

vs.    No. 05-2008-B/V

SHELBY COUNTY, et al.,

    Defendants.

ORDER CORRECTING THE DOCKET
ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Sean Anthony Newberg, booking number 5107454, an inmate at the Shelby County Criminal Justice Center ("Jail")[1] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on January 3, 2005 in connection with a previous stay at the Jail, where his booking number was 04118656.[2] Plaintiff filed various exhibits to his complaint on January 6, 2005. The Clerk shall record the

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] Plaintiff has submitted various letters concerning what he believed was an impending change of address. The plaintiff's current address and booking number were verified through the website maintained by the Shelby County Sheriff's Department. In order to facilitate the delivery of the plaintiff's mail, the Clerk is ORDERED to correct the docket to reflect the plaintiff's current booking number.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-21-05

defendants as Shelby County;[3] Shelby County Sheriff Mark Luttrell; Lieutenant K. Henderson; Sergeant Rudd; and Grievance Counselor Love.

I.  Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[4] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the trust fund officer, but he has not submitted a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them

---

[3] The Court construes the plaintiff's allegations concerning the Jail as an attempt to assert a claim against Shelby County.

[4] Because this action was filed prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

2

directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change

3

of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

## II. Analysis of Plaintiff's Claims

The factual allegations of the complaint consist, in their entirety, of the following:

1. I have grieved extensively regarding a regular exercise period. A regular exercise period has not been given to me. . . .

2. I was forced against my will to remain locked in my cell for extensive periods of time without being given the opportunity to bathe or exercise. . . .

3. The grievance system has failed me completely.

The plaintiff seeks injunctive relief and compensatory and punitive damages of between $6000 and $2 million.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice

4

whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

The plaintiff's January 6, 2005 submission consists of approximately an inch of grievances, arranged in no particular order, most of which have no relevance to the claims alleged in the complaint. With respect to his claim concerning insufficient exercise, plaintiff filed a grievance (No. 69520) on or about September 17, 2004 alleging, in rather intemperate terms, that his recreation was inadequate and someone was lying about it. The matter was deemed nongrievable, and defendant Love responded in a memorandum, dated September 24, 2004, as follows:

> I understand your concerns, however based on the information that is placed in the system which is required to indicate when each inmate is out for recreation time, you are receiving your recreation time. There is no one calling you a liar, all decisions are based on the facts. I recommend that you speak with the unit manager.

Plaintiff filed another grievance (No. 69523) on or about September 23, 2004 complaining that an exercise period was canceled on September 22, 2004 because of a staff shortage. The matter was deemed grievable on September 27, 2004. Defendant Love stated in a memorandum, dated October 15, 2004, that "[t]he gym was closed on the date that you are referring to because of security and not a shortage of staff. The issue was corrected and the gym should be back on schedule." Plaintiff signed a form indicating his intent to appeal to Level 2, but did not state the results of that appeal. On or about October 20, 2004, plaintiff submitted a grievance (No. 097135) complaining that his exercise period was cancelled without explanation on October 13, 2004. The matter was deemed nongrievable on October 22, 2004. Defendant Love explained in a memorandum to the

6

plaintiff that "[t]here has been no outside gym for any pods in this facility since the weekend of October 10th." Plaintiff filed another grievance (No. 99143) on or about October 27, 2004 concerning the cancellation of gym time on October 20, 2004. Defendant Love responded in a memorandum, dated October 28, 2004, that the matter was nongrievable because of the plaintiff's failure first to raise the issue with "the pod officer, sergeant, and/or unit manager prior to you filing a formal complaint." Plaintiff filed a second grievance on or about October 27, 2004 (No. 99140) complaining about the cancellation of gym time on October 25, 2004 and demanding a schedule for inside gym time. Defendant Love deemed the matter nongrievable on October 28, 2004 for the reason stated with respect to grievance no. 99143. On or about November 2, 2004, plaintiff filed a grievance (No. 99453) complaining about the cancellation of recreation time on October 29, 2004 and stating that he had not had exercise for a week. Defendant Love deemed the matter nongrievable on November 8, 2004 for the reason stated with respect to grievance no. 99143. On or about November 5, 2004, plaintiff filed another grievance (No. 99445) concerning the cancellation of an exercise period on October 20, 2004. The matter was deemed grievable on November 8, 2004. Plaintiff filed a second grievance (no. 99447) on or about November 5, 2004 complaining about the failure to provide a set schedule for use of the indoor gym. Defendant Love deemed the matter nongrievable on November 8, 2004 and stated in a memorandum that "I have addressed the issue with you on another recent grievance. The unit manager has

7

looked into the situation so that your pod will be able to receive gym time. Please be patient and thank you for your cooperation."

With respect to his claim concerning lockdowns, plaintiff filed a grievance (No. 50956) on September 1, 2004 in which he complained that he had not had a shower in more than twenty-four (24) hours and had not had recreation time for five days. The matter was deemed grievable on September 2, 2004. Defendant Love stated in a memorandum, dated September 28, 2004, that, "[a]fter reviewing your case, I found that you were given several opportunities to take a shower. However, on several occasions you refused your recreation time. Recreation time is when you are given the opportunity to shower." Plaintiff filed another grievance (No. 109965) on or about September 3, 2004 stating that he had been locked in his cell for fifty-seven (57) hours without access to a shower or recreation. Although conceding that he received five hours of recreation per week, plaintiff demanded daily exercise periods. Defendant Love deemed the matter nongrievable on September 9, 2004 and stated in a memorandum that "[y]ou have filed numerous grievances alleging that you have not been having any recreation time. I have spoken with the unit manager who has investigated this issue to ensure that you were receiving your recreation time and in fact you are. You have been listed on the daily shift reports as receiving your recreation time." On or about October 20, 2004, plaintiff filed a grievance (No. 97131) in which he complained about the pod being placed on lockdown due to an altercation in which he was not involved, resulting in a loss of forty (40) minutes of "rock" time. The matter was deemed

nongrievable, and defendant Love responded in a memorandum dated October 22, 2004 as follows:

> Security is a priority at this facility. Anytime there is an altercation or any situation that can cause more confusion, the pod officer's responsibility is to ensure that YOU do not get injured. Once the investigation is complete, the floor supervisor will then instruct the pod officers when they are [sic] allow the inmates to return back on the rock for recreation time. You need to be patient until then. Thank you for your cooperation.

Plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies concerning any of his claims. The complaint is silent concerning any attempts by this plaintiff to appeal the results of any of his grievances, with the sole exception of a level 2 appeal that was filed on grievance no. 69523. The complaint is also silent concerning the resolution of that appeal. Moreover, although several of plaintiff's grievances were deemed nongrievable due to his failure to first present the matter to a pod officer, the complaint is silent concerning any attempts the plaintiff made to comply with that requirement. Under these circumstances, the Court is unable to conclude that the grievance system was not, in practice, available to address the plaintiff's concerns. Finally, plaintiff's grievances do not name individual defendants Luttrell, Henderson, and Rudd and, therefore, the plaintiff has not exhausted his claims with respect to those parties. Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her);

9

Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); Curry, 249 F.3d at 504.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489.[5] Accordingly, the plaintiff's complaint is subject to dismissal in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Certain aspects of plaintiff's complaint are subject to dismissal.

First, plaintiff has no claim against Shelby County or defendant Love due to their alleged failures to provide adequate responses to his grievances. Although 42 U.S.C. § 1997e(a) imposes a statutory requirement that prisoners exhaust their administrative remedies before filing lawsuits, misfeasance or malfeasance by prison

---

[5] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

10

officials in connection with the grievance process is not grounds for an independent cause of action. See 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). This claim is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Second, the complaint contains no factual allegations about defendants Luttrell, Henderson, and Rudd. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Third, defendant Luttrell cannot be held liable on the basis of his position as Shelby County Sheriff. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d at 300; Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is

11

devoid of allegations that any defendant "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of a defendant's failure to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996). Moreover, that standard is not satisfied by allegations that a defendant mishandled the plaintiff's grievance or failed to intervene on his behalf. Shehee, 199 F.3d at 300. Accordingly, even if it were assumed that the plaintiff was wrongfully deprived of adequate recreation time, both indoor and outdoor, and had been wrongfully denied daily showers, defendant Luttrell would not be liable to him.

Accordingly, the Court DISMISSES the complaint with respect to defendants Luttrell, Henderson, and Rudd pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The remaining claims against Shelby County are DISMISSED without prejudice pursuant to 42 U.S.C. § 1997e(a).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[6] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

---

[6] Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim or as frivolous.[7]

IT IS SO ORDERED this 20th day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[7] The fact that many of plaintiff's claims have been dismissed for failure to exhaust does not preclude the imposition of a strike on the basis of claims that were dismissed for failure to state a claim or as frivolous. Clemons v. Young, 240 F. Supp. 2d 639 (E.D. Mich. 2003).

14

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:05-CV-02008 was distributed by fax, mail, or direct printing on April 21, 2005 to the parties listed.

---

Sean Newberg
SHELBY COUNTY JAIL
5107454
201 Poplar Avenue
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT